United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Big Buck Brewery & Steakhouse, Inc.,　　　　　　　　　　Case No. 04-56761
　　　　　Debtor.　　　　　　　　　　　　　　　　　　　Chapter 11
_____/

Opinion Regarding Fee Application

Bodman, LLP has filed an application for compensation for services rendered as special co-counsel for the debtor for the period July 20, 2005 to August 26, 2005. Bodman seeks approval of fees in the amount of $25,000 and expenses in the amount of $1,201.79.

Section 330(a) of the bankruptcy code permits the court to award reasonable compensation to a professional person "employed under section 327[.]" 11 U.S.C. § 330(a). Section 327 allows the debtor in a chapter 11 case to employ attorneys "with the court's approval."

"11 U.S.C. § 330(a) establishes the exclusive means by which a claim for professional fees relating to a bankruptcy case is allowed and a debtor is simply not liable for professional fees for services performed on a chapter 11 case which have not been allowed by the bankruptcy court." *In re 5900 Assoc., L.L.C.*, 317 B.R. 332, 335 (Bankr. E.D. Mich. 2004), *aff'd*, 326 B.R. 402 (2005). *See also In re Jeanes*, 2004 WL 1718093, *2 (Bankr. N.D. Iowa June 17, 2004) ("Because § 330(a) requires court approval to create the obligation to pay the attorney's fees, absent court approval neither the debtor nor the estate is ever liable. Court approval under § 330(a) is what creates the liability, not the performance of the services.") (citations omitted.)).

In an order dated August 8, 2005, the Court did approve Bodman's employment under section

327(a) as co-counsel for the debtor, *nunc pro tunc* to July 18, 2005. However, on August 22, 2005, following an objection to Bodman's employment, the Court vacated the August 8, 2005 order, because Bodman had represented the debtor's major secured creditor in some of its dealings with the debtor. The Court further concluded that Bodman's employment as counsel for a "specified special purpose" under section 327(e) could not be granted because the proposed employment was for the purpose of assisting obtaining confirmation of the debtor's plan.

Accordingly, Bodman's employment was not approved by the Court[1] and Bodman is not entitled to fees. The application is denied

The Court will enter an appropriate order.

**Entered: November 18, 2005**

                              /s/ Steven W. Rhodes
                         **Steven W. Rhodes**
                         **Chief Bankruptcy Judge**

---

1. Through mistake, no formal order vacating the August 8, 2005 order has yet been entered. Such an order will entered herewith.