United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Big Buck Brewery & Steakhouse, Inc.,                    Case No. 04-56761-R
            Debtor.                                    Chapter 11
_____/

Opinion Regarding Second Interim Application for Approval of Compensation
for Fees and Expenses for McTevia & Associates, Inc., Special Consultants
and Expert Witnesses to the Debtor

      Big Buck Brewery & Steakhouse, Inc. filed a chapter 11 bankruptcy petition on June 10, 2004. The Court entered an order approving McTevia & Associates, Inc. as special consultants to the debtor on August 19, 2004.

      On October 18, 2005, McTevia & Associates, Inc. submitted a fee application requesting approval for fees and expenses totaling $54,166.77 representing 189.3 hours of service by consultants from June 6, 2005 to September 29, 2005. The majority of the fees charged appear to be focused on two tasks: assisting in preparing projections in support of the debtor's plan of reorganization and consulting regarding the scope and treatment of Michael Eyde's claim.

      On October 19, 2005, the Court denied confirmation of Big Buck's plan. The Court determined that the plan was not feasible due in substantial part to inaccurate and inadequate projections. Additionally, the Court held that the treatment of Eyde's claim was unreasonable.

      On Novermber 2, 2005, Michael Eyde and Land One, L.L.C. filed an objection to the fee application arguing that the fees and expenses requested are excessive and that the work performed "of

questionable quality."

The payment of fees for professionals is governed by 11 U.S.C. § 330, which provides:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity,

2

> importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

Upon review of McTevia & Associates' fee application, the Court finds that a majority of the fees and expenses requested relate to preparing the projections and Eyde's treatment under the plan. These projections were inadequate in that they only projected revenue and expenses through April 2006. Further, they were inaccurate in including questionable income from the debtor's Texas operation and in suggesting that the debtor's revenue shortfall would be made up for by the amounts held in escrow even though that money was already accounted for in the projections.

The Court also found that the plan did not provide fair and equitable treatment of Eyde's claim. Specifically, the Court found that the interest rate proposed and the substantial balloon payment were unreasonable. In the process of reaching this conclusion, the Court rejected the testimony of the applicant's witness.

Because of the substantial problems with the applicant's work on the projections and on the debtor's treatment of Eyde's claim, the Court finds that a significant amount of the work performed by McTevia & Associates was of little benefit to the estate.

The determination of fees is left to the discretion of the bankruptcy court. *Boddy v. United States*

(*In re Boddy*), 950 F.2d 334 (6th Cir. 1991).  The Court concludes that a reasonable fee would be 30% of fees requested for time spent related to the projections and treatment of Eyde's claim.  Accordingly, 47.11 hours billed by Guimetti will not be allowed and 17.64 hours billed by Nenniger will not be allowed.  Therefore, the amount of allowed fees will be reduced by $18,573.10.  The Court will allow McTevia & Associates, Inc. fees and expenses in the amount of $34,737.40.

Not for Publication

**Entered: March 30, 2006**

                                                         /s/ Steven Rhodes
                                                         **Steven Rhodes**
                                                         **Chief Bankruptcy Judge**